**HILLEARY, Plaintiff-Appellant v. BROMLEY et, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3688. Decided December 26, 1944.

626

Paul R. Gingher and J. Paul McNamara, Columbus, for plaintiff-appellant.

John F. Ward, Columbus, for defendant-appellee.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation in place of Barnes, P. J.

## OPINION

BY THE COURT:

In the Court below an amended petition was filed by the plaintiff stating that as a carpenter he had entered into a contract with defendants for applying siding upon dwellings and that he personally worked in the performance of said contract; that Bromley and Smotkin were partners engaged in furnishing siding upon buildings; that prior to April 6, 1940, defendants agreed to furnish plaintiff with certain equipment including a wooden ladder to be used by plaintiff to erect a scaffold upon which plaintiff would stand and work in performing a contract between plaintiff and defendant; that on April

6th defendant did furnish to plaintiff a wooden ladder for use in the performance of the contract; defendant knew the purpose for which the ladder was furnished and that its use for which the ladder was furnished was inherently dangerous to plaintiff and that defendants well knew that the use by the plaintiff of a defective ladder was imminently dangerous to plaintiff.

It is alleged that on April 6th plaintiff was using the ladder in the manner for which the same was furnished by defendant and was working thereon on a scaffold erected on said ladder at a point 16 feet above the ground; that the sides of the ladder split allowing the rungs thereof to fall down and cause the planks upon which plaintiff was working to tip and throw him to the ground injuring him as particularly described.

It is alleged that the injuries described were the direct and proximate result of the negligence of the defendants in certain particulars.

(1) Defendants were negligent in that they failed to furnish a ladder which plaintiff could use with safety.

(2) Were negligent in that they failed to ascertain the condition of the ladder furnished the plaintiff and to warn plaintiff that the ladder was unfit for the use to which it was being placed.

(3) Defendants were negligent in that they furnished plaintiff a ladder made of wood of insufficient strength to support the scaffold erected by the plaintiff and the weight which defendant knew plaintiff would place upon the scaffold.

(4) They were negligent in that they furnished plaintiff a ladder with the sides made of pieces of wood with defective grain.

It is alleged that as a direct result of the negligence of the defendant plaintiff suffered the injuries enumerated, for which he asks judgment in the sum of $25,000.00.

The defendants for answer admit that they were doing business as a partnership under the name of Bromley Siding Company and as such were engaged in furnishing siding to be applied on dwellings and that they entered into a contract with the plaintiff for the application of the siding by plaintiff to a dwelling described in the petition; that they knew a ladder or ladders were ordinarily used in the application of such siding, knew the purpose of such ladder in that connection and knew the use of a defective ladder might result in injury. They admit that the accident occurred during the progress of the work, and that the plaintiff suffered injury, but deny all other allegations.

By way of separate defense they averred that they entered into a contract in writing with the plaintiff on the 3rd day of April, 1940, for the application of siding to the dwelling in question, and that the provisions thereof contained the only agreement between the parties; that defendant had previously purchased and maintained equipment includng ladders and that defendants and their employees were allowed the use thereof upon contracted work and that no item included within such equipment was inherently dangerous and that defendants at no time knew of or by the exercise of every reasonably care could have known of the defects existing in such equipment; that any injury the plaintiff may have suffered was without fault on the part of the defendants, but solely because of the carelessness and neglect of the plaintiff himself or his own employee in the selection, inception and placing and the manner of use of the particular ladder complained of or in placing and the manner and use of triangular hooks suspended from such ladder or by reason of excessive weight improperly distributed.

The plaintiff replies denying every allegation of the answer not an admission upon his part.

The cause proceeded to trial and after the plaintiff's witnesses had been examined motion was made by the defendant for an instructed verdict in behalf of the defendant for the reason that the evidence produced on behalf of the plaintiff did not disclose any liability of the defendant. This motion was sustained by the Court and the jury instructed to bring in a verdict on behalf of the defendants. A motion was made for a new trial and said motion was overruled and judgment entered for the defendants.

Thereupon notice of appeal was given and the cause is before this Court on questions of law.

The Court in sustaining the motion directing a verdict in favor of the defendants stated briefly his reason, which could be summarized, that the Court has come to the conclusion that the plaintiff in order to recover must make out a case against the defendants upon negligence. There must be a showing of the violation of a duty owing by defendants to the plaintiff. "The duty in this case is that of furnishing of a ladder and other equipment by the defendants to the plaintiff. In accordance with their agreement this equipment was to be safe equipment. We must presume that in order for a violation of that duty there must be a breach by the defendants in knowingly or negligently furnishing such equipment to the

plaintiff. We must keep in mind that the defendants are not insurers of the plaintiff's safety." "The record is devoid of the defendants' knowing that the ladder was not a safe ladder." "Inspection was made by the plaintiff before his injury, which inspection failed to disclose any defect. Inspection was also made, as claimed, by the defendant, Bromley, which failed to disclose any defect."

"The Court feels that if a recovery could be had in this case that the pertinent words of the statute, §12593 **GC,** 'knowingly or negligently furnishes', etc., must be complied with, but that the record in this case is devoid of knowledge or negligence." The Court then instructed the jury to bring in a verdict for the defendant and in his statement to the jury added to his former statement to the effect that the plaintiff has failed to show negligence; that he has failed to show that defendants did not exercise ordinary care or violate a statute.

The Court has read all the testimony including the deposition given before the Court directed the jury to return a verdict for the defendant. There is one piece of evidence that the Court has been unable to find, which is to the effect that in the contract which is referred to as Exhibit "A" the plaintiff releases to the fullest extent the defendants from any damages that might result from the work contracted for, either by the defendants or by those employed by him in pursuance of the work. For some reason this exhibit is not with the papers, although it is marked Exhibit "A". The Court has also made reference to the fact that there was an agreement between the parties that the defendants should be relieved from liability on account of negligence of the defendant. It would serve no good purpose to go into detail as to the evidence adduced in this case, but in order that it might be understood it may be said that the defendants, then a partnership, and now a corporation, were engaged as a part of their occupation in placing sheet siding upon old buildings, which siding was so provided as to be placed at the disposal of the workmen in rolls. The rolls furnished in this particular case simulated a brick exterior and were fastened to the side of the house by workmen working on the scaffolding. The scaffolding in this particular case consisted of three ladders of 20 feet placed against the side of the building, to the upper rungs of which three jacks were attached which furnished a foundation for planks placed upon the jacks. The plaintiff had on a day preceding the accident assisted in placing this scaffolding on the opposite side of the house and at such

time, as was his continual custom, inspected the ladders and the jacks and other equipment furnished by the defendants. On the second day the scaffolding was moved to the opposite side of the house and erected by the helpers employed by the plaintiff. The planks then placed in position were about 16 feet above ground, placed upon jacks supported by hooks over the rungs of the ladder. As the plaintiff took his position upon the ladder he heard a crashing sound and the plank upon which he was working tilted so that he was thrown to the ground a distance of 16 feet, suffering serious injury. The evidence discloses the entire history of ladders exhibited by the deposition of the manufacturer of the ladder who testified that they were made from the best material that could be obtained and were scrupulously inspected at numerous points of manufacture. The dealer to whom the manufacturer sold the ladders also testified to inspection and that the ladders were in suitable condition for the work required of them. They were not the heaviest type ladder made by the manufacturer, but had been used for a number of years for the purpose required of them on the day of the accident. The plaintiff and his witnesses all testified that they have always been careful in placing the ladders against the side of the house and always careful in ascertaining whether there were any defects or weaknesses that might render their use dangerous. It is testified that on a number of occasions the plaintiff detected defective ladders and refused to use them in scaffolding and was then furnished with proper ladders by the defendants.

The appellant's assignments of errors in this Court are four, stating briefly:

(1) The trial court erred in directing the jury to return a verdict for the defendants at the conclusion of the plaintiff's evidence.

(2) Trial Court erred in failing and refusing to submit the evidence to the jury.

(3) The Trial court erred in overruling plaintiff's motion for a new trial.

(4) Other errors on the record.

The position taken by the plaintiff is that there was a contract between the plaintiff and defendants by which the defendants were to furnish equipment "which was good, safe equipment for him to use". It is urged that this constitutes a contract binding upon the defendant to produce such safe equipment and that it is in addition to the common law obliga-

tion of the defendant. Counsel for defendant reviews in detail the testimony of the various witnesses.

Counsel for plaintiff divides his argument in three branches:

(1) The defendants were under the duty to furnish a safe ladder. The fact that the ladder broke is evidence of negligence which required the submission of the case to the jury.

(2) Independent of the duty imposed by the agreement, there was evidence of negligence which required the submission of the case to the jury.

(3) There was evidence shown that the defendants had violated the specific safety requirement adopted by the state of Ohio, Department of Industrial Relations.

Counsel cite a number of cases from other states which the Court has read, but which do not appeal to it as relating to facts similar to those in this case.

Counsel cites **Kelly & Sons v Howell, 41 Oh St 438; Jacobs v The Fuller & Hutsinpiller Co., 67 Oh St 70; 29 O. Jur., 467;** 38 Am. Jur. p. 678 and 747; Popowich v American Steel Wire Co., 13 Fed. (2) 381; **Steel Co. v Sheller, 108 Oh St 106; Variety Iron Co. v Poak, 89 Oh St 297.**

Counsel also cites a criminal statute, §12593 GC, providing liability of employers for improper ladders or scaffolding. We are not convinced that this statute has such application to the case at bar that it would make its violation negligence per se, but we will not discuss that matter.

A very good discussion of the rules in relation to motions to direct a verdict may be found in Hornbeck & Adams' Trial and Appellate Practice in Ohio, Section 91, et seq., where the rule is stated:

"Where from the evidence reasonable minds may reasonably reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

See also **Laub Baking Co. v Middleton, 118 Oh St 106.** Also, **Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 460.** We are confronted with the rule in the Hamden Lodge Case. We must determine whether or not the evidence in this case is such that reasonable minds may reasonably reach different conclusions upon the question of fact, in which case such question of fact is for the jury.

The Court has made diligent search to find the contract between the plaintiff and defendant by which it is claimed that the defendant was released from liability. The Court is of the opinion that if there is such a contract that it would be a valid defense. It is referred to in the deposition of the defendant and also in the bill of exceptions as an exhibit, but we do not find it. If such a contract is in existence and is properly before the Court, we would be pleased if counsel would submit it for our inspection.

In view of the fact that negligence must be shown upon the part of the defendant, and the further fact that the evidence discloses conclusively that during the entire connection of the ladders at the time of their manufacture, sale and use, constant inspection disclosed no defects that could have been known to the defendant, we arrive at the conclusion that the Court below was not in error in instructing the jury to return a verdict for the defendant. Judgment accordingly.

HORNBECK and GEIGER, JJ., and MONTGOMERY, J., concur.

## ON APPLICATION FOR REHEARING

Decided February 2, 1945.

BY THE COURT:

The Court has granted a rehearing on this appeal. Counsel have again argued it orally and by brief. The question presented is somewhat unique.

The action sounds in tort but the parties also stand in contractual relationship of independent contractor and contractee. It develops that by the terms of the contract the contractor agreed to provide good, safe equipment. Upon the facts appearing in the most favorable light to the plaintiff, at the conclusion of his testimony it could be said that the defendant had not provided good, safe equipment because, while the ladder was being used in the usual manner and in the ordinary course of the employment, it broke and fell. The evidence will bear the construction that the contractee used due care to protect the equipment while it was in his possession and on the job and that when it broke it was in the

same condition as when it was sent-on to the job by the defendant. It may, also, be properly inferred that the ladder broke because it was defective. Was this enough, undenied and uncontradicted, to make a prima facie case for the plaintiff?

Counsel have been diligent in briefing the question but notwithstanding, they have cited no case wherein the facts are parallel to those found here. Nor have we found any such upon independent investigation.

As we have said, the action proceeds in tort and four specifications of negligence are asserted. It has not been urged that this is a res ipsa loquitur case, nor could it be, because the equipment was not in the exclusive possession of the defendant. But it is asserted with much emphasis that the plaintiff has made proof which would carry his case to the jury and put the defendant upon explanation. It then becomes a question whether or not at the conclusion of plaintiff's case the defendant was required to go forward because there was some evidence on every material element of plaintiff's necessary proof.

Although under the contract the defendant was an independent contractor, by his agreement to provide equipment and that it would be good and safe, he thereby assumed the status of a master who is required to furnish safe machinery, equipment, and a safe place to work. In Copper Co. v Dickson, et al. (Ariz.), 195 Pac., 538, 44 A. L. R. 886, the writer of the opinion says:

"The rule deducible from the decisions is well stated in 14 R. C. L., 81, Par. 19; as follows:
'Where the employer reserves the right to direct the manner of the performance of the contract in any particular, or where he undertakes to provide any of the instrumentalities, he owes to the contractor and the latter's employees the duty of exercising reasonable care in respect to such matters.'"

In this case the ladder in question had been constructed by previous contractors and had by them been turned over to the defendant who, without any inspection, tendered it to the deceased and his partner as being safe and ready for use. After the decedent had fallen from the ladder, it appeared that the highest of five rungs was found pulled out of a wet and rotten upright, at one end, and the four immediately beneath broken in two. Here the Court held that the obligation

of the defendant to furnish reasonably safe appliances in the performance of the work was a non-delegable personal duty and could not be heard to say that the defect was unknown to it, inasmuch as the defect was due to the mannr of constructing and repairing the ladder which defect reasonably appeared. The difference in the facts in the cited and the instant case are apparent.

If the relationship between the parties brought them under §12593 GC, as the trial court held, then clearly it was incumbent upon the plaintiff to establish that the defendant knowingly or negligently provided unsafe equipment. It cannot be claimed that he knowingly provided unsafe equipment; nor are we able to draw proper inference that there is any proof that he had constructive knowledge of the defective condition of the ladder.

The textbooks and the authorities are practically unanimous in holding that,

"Where recovery is sought on the ground of failure of the employer to provide a safe place in which employees have to work or safe appliances with which they do their work, the burden is upon the plaintiff to establish that the place of work or instrumentality was unsafe or defective, * * *; that this condition was the proximate cause of the employee's injury; and that the employer had notice or knowledge thereof, or that, by the exercise of ordinary or reasonable care, he might have had such notice or knowledge."

35 Am. Jur. 908; L. R. A. 1917 E. 196, 231, et seq.; 39 C. J. 972, 994, 995.

Without setting out at length the authorities which we have examined, we would refer counsel to 35 Am. Jur. 575, 591, 610, 612, 613; annotations to the L'Houx v Union Construction Co., 30 L. R. A. (N. S.) 800; Parker v Wood Lumber Co., 40 L. R. A. (N. S.) 833.

So that, whether or not §12593 GC, has special application to control the obligation of the defendant here the general rule is to the same effect as the statute. The extent of the employer's obligation is set forth in the rule even though the appliance is something other than a common tool such as it is claimed here the ladders were. We concede that in view of their use the ladders may have been employed for a purpose which took them out of the category of a common tool and placed them in a class similar at least to scaffolding.

There was some proof that heavier ladders were made but it would have been pure conjecture to have permitted the jury to say that had the ladders, the weight of those employed, been sound they would not have stood up under the stress to which they were subjected.

It is also urged that the painting of the ladders by the contractor made it more difficult for him to discover a defect in the grain of the wood from which they were made. Without more elucidation than the mere fact that the ladders were covered with a primer coat, it could not be found either, that the paint covered the grain so that it could not be seen or, that the defect was such that it would have been seen if the ladders had not been painted. The difficulty with the plaintiff's proof is that it may not be said that the defect was such that it should have been discovered by the defendant in the exercise of ordinary care.

There are two cases in the United States which we have found cited and we have been able to find one of them, namely, Branch v Pt. Royal and W. C. Ry. Co., 808, (Sup. Ct. S. C. 1892), which holds that:

"A complaint for injury to a servant while in the performance of his duty, through defect in the machinery provided by the master, need not state that such defect was known or ought to have been known by the master, want of knowledge being a matter of defense."

This adjudication is not in accord with the marked trend of authority.

In Ohio we have a statute, §6243 GC, providing that if an employee covered by the act receives personal injury by reason of any defect or unsafe condition in certain named appliances in any way connected with the business of the employer, such employer shall be deemed to have had knowledge of such defect, before and at the time such injury was so sustained, and when the fact of such defect shall be made to appear upon trial of an action brought by such employee, against any such employer for damages, on account of such injuries so received, the same shall be prima facie evidence of neglect on the part of such employer; but the employer may show by way of defense that such defect was not discoverable in the exercise of ordinary care. It should be noted that it does not apply to simple tools but, as we have heretofore said, the manner in which the ladders were being employed might take them out of the category of simple tools, but we cannot agree that the

parties to this action were included in the Employer's Liability Act under the contract controlling the employment.

The facts in this case lend considerable support to the claim that the plaintiff should upon their presentation have the right to go to the jury, but we are unable to find that the law controlling will support such determination. We, therefore, adhere to our former decision of affirmance of the judgment of the trial court.

HORNBECK, J., and MONTGOMERY, J., concur.
GEIGER, J., dissents.

GEIGER, J., dissenting:

Inasmuch as the record discloses the fact that the defendants were under obligation by contract to furnish suitable and safe equipment which included the ladder in question, and the evidence introduced indicated that the ladder broke, that enough evidence appears upon behalf of plaintiff to take the case to the jury, as reasonable minds might well differ as to whether the defendant is liable for negligence imposed upon it by virtue of the contract to furnish suitable and safe equipment.